## James L. Farmer vs. John Rand.

Each indorser of a promissory note, is entitled to one day for giving notice to the party next liable ; but the time is to be calculated from the day on which the notice was in fact received, and is not enlarged, if he has received notice earlier than might in strictness have been required.

If the indorser of a note in blank, prove that a waiver of demand and notice was afterwards written over his name, in the presence of the plaintiff, when the indorser was not present or assenting thereto, he is thereby discharged, unless the plaintiff bring proof to show his liability.

Assumpsit by an indorsee against an indorser of a note. The same action was before tried, and a case reserved for the opinion of the whole Court, is reported in 14 *Maine Rep.* 225. A copy of the note and of the indorsements thereon, as well as the facts then in evidence, appear there. The declaration in one count averred

a demand and notice. On this trial there was evidence, which the plaintiff contended, proved a demand and notice, but which was controverted by the defendant. The note fell due on *Saturday*, *July* 2, 1836, the third day being *Sunday*. The demand was made in *Boston*, *July* 2d, and the notice received at *Portland*, by the Bank, *July* 4. There was also evidence, that when the note passed from the hands of the defendant, his indorsement thereon was in blank, and that afterwards, when he was not present, the waiver of demand and notice was written over the names of the indorsers by *Sewall*, another indorser, in the presence of the plaintiff. There was no evidence of any knowledge or assent on the part of the defendant to the waiver of demand and notice. .

At the trial before SHEPLEY J. the plaintiff contended, that as he had not declared on the waiver, the burthen of proof was upon the defendant to show that it was improperly placed there. The jury were instructed, that if they were satisfied from the testimony, that the notice to the defendant was placed in the door of the office, it being closed on *Tuesday*, that would be sufficient to charge him, but that if not placed there until *Wednesday*, it was too late. Also, that if they were satisfied, that the waiver and engagement to pay at all events, were placed upon the back of the note, after it had passed from the defendant with his indorsement in blank, and without his consent, the contract was materially altered thereby, and he was discharged, unless it was proved by the plaintiff that such waiver and engagement did not apply to the defendant.

The verdict was for the defendant, and was to be set aside, if the instructions were not correct.

*D. Goodenow*, for the plaintiff, contended : —

1. It was soon enough to give notice on *Wednesday*, *July* 6. The third day being *Sunday*, and the fourth, the anniversary of the declaration of independence, it was not necessary to move in giving notice in *Boston* until *Tuesday* the 5th. The Bank in *Portland* had the same time to notify the defendant, as if the notice had not been received until *Tuesday*, and therefore the defendant had actual notice as early as he was entitled to by law. 3 *Kent*, 2d *Ed.*, 106 ; 4 *Bingh.* 715 ; 8 *B. & Cr.* 387 ; 14 *Mass. R.* 116 ; 1 *Pick.* 401 ; 5 *Wend.* 566 ; 2 *Caines' Cases*, 195 ; 15 *Wend.* 364. But due diligence to give notice is all which is required.

2. The instruction relating to the burthen of proof was erroneous. Fraud is not to be presumed, but must be proved; and if the defendant would avoid his liability by reason of it, he must prove it. *Gooch* v. *Bryant*, 13 *Maine R.* 386; 10 *East*, 216.

3. The instructions were also erroneous in holding, that it was incumbent on the plaintiff to prove that the waiver and engagement did not apply to the defendant. 3 *East*, 192. If the indorsement be in blank, the indorser puts it in the power of the holder to overwrite what he pleases, and he may use it as an acquitance or an assignment. 1 *Stark. Ev.* 376, 377, and cases cited.

4. The waiver written by *Sewall*, if without the consent of *Rand*, was not such an alteration as to discharge *Rand* from payment to an innocent indorsee for a valuable consideration. 4 *T. R.* 336; *Pigott's case*, 1 *Co.* 27; *Hatch* v. *Hatch*, 9 *Mass. R.* 311; *Fuller* v. *McDonald*, 8 *Greenl.* 213; *Josselyn* v. *Ames*, 3 *Mass. R.* 274; *Northampton Bank* v. *Pepoon*, 11 *Mass. R.* 292; *Emerson* v. *Cutts*, 12 *Mass. R.* 78; *Nevins* v. *De Grand*, 15 *Mass. R.* 436; *Putnam* v. *Sullivan*, 4 *Mass. R.* 45; *Thurston* v. *McKown*, 6 *Mass. R.* 428; 5 *Munf.* 581; 3 *Day*, 12.

*Rand*, *pro se*, said the only question before the Court was this; were the instructions right? To show that the instruction with respect to the notice was correct, he cited *Bayley on Bills*, 172. The instruction with regard to the alteration was founded upon and warranted by the decisions of this Court in this case, in 14 *Maine R.* 225; and by *Master* v. *Miller*, 4 *T. R.* 336, cited for the plaintiff. As to the burthen of proof. We proved that the alteration was made in the presence of the plaintiff, by one who neither had nor pretended to have authority from the defendant, and when he was not present. It was then for the plaintiff to show an authority from the defendant, or an assent by him.

The opinion of the Court was drawn up by

WESTON C. J. — The Bank of *Cumberland* was entitled to one day, to give notice to prior parties. Notice on *Tuesday*, the fifth day of *July*, would have been seasonable; but a delay until *Wednesday*, the sixth, cannot be excused. If parties prior to them had notified earlier than might have been in strictness required, it

does not enlarge the time allowed by law to subsequent parties. *Bayley*, 271; *Turner* v. *Leach*, 4 *B. & A.* 454.

The effect and materiality of the alteration has been before decided. *Farmer* v. *Rand*, 14 *Maine R.* 225. It was there held, that the waiver as it stands upon the note, apparently applies to and binds the defendant. It was sufficient for his purpose, to show that it was unauthorized. Unless therefore the proof was changed by testimony, on the part of the plaintiff, the objection was fatal, and the jury were properly instructed on this point.

*Judgment on the verdict.*